# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Katelyn Garner, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | 2:22-CV-041-RWS-JCF |
| vs. ) | |
| ) | |
| USCB Corporation d/b/a Accounts ) | **COMPLAINT WITH** |
| Receivable Management, ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Katelyn Garner, is a natural person who resides in Hall County, Georgia.

2. Defendant, USCB Corporation DBA Accounts Receivable Management, is a corporation headquartered in Pennsylvania. It does business, but

1

is not registered, in Georgia. Defendant may be served with process via its managing agent, Michael Zadarosni, at 761 Scranton Carbondale Highway, Eynon, Pennsylvania, 18403.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Gainesville Division as the Plaintiff is a resident of Hall County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of an educational loan and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant markets itself as a nationwide collection agency serving multiple industries including higher education, retail, medical, and various service industries. See, uscbcorporation.com/about_us.htm

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. As a result of sporadic employment, due largely to the COVID-19 pandemic, the Plaintiff has fallen behind on a number of consumer accounts, including an educational debt originating with Ashworth College.

14. Ashworth College engaged the Defendant to collect a debt owed in the amount of $733.00.

15.     On or about May 14th, 2021, the Plaintiff obtained a copy of her credit report as published by TransUnion, Experian, and Equifax.  At that time, she noted a tradeline being reported by the Defendant showing a current debt of $733.00 and an original amount owed of $675.00.

16.     The Plaintiff believes and therefore averse that the differential between the two figures reported by the Defendant to the credit reporting agencies represents a fee charged that was not expressly authorized in any contract between the Plaintiff and the originating creditor or provided for under Georgia law.

17.     Recognizing the dire of her financial situation, the Plaintiff caused to be mailed to the Defendant a letter on or about September 21st, 2021, in which she specifically advises that she will not be making a payment on this account.  The contents of this letter are reproduced below:

Katelyn Garner
█████████████
Gainesville, GA 30506

September 21, 2021

USCB Corporation
PO Box 75
Archibald, PA 18403

Referencing Account: Ashworth College $733
SSN: █████5380
Acct # AS400266833

I have been contacted about the account that I had with Ashworth College. This is not the only debt I have unfortunately. I have had inconsistent income and will not be paying on this account. I have had interruptions in my income and I have had to deal with other personal difficulties.

Thank you,

*Katelyn Garner*

18. Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

19. Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

20. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms. See Barnes v. Seterus, Inc., 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

21. The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific

language or magic words to tell a debt collector to cease communication. Bishop v. I.C. Systems, Inc., 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

22. The Plaintiff's letter was delivered to the Defendant on September 29th, 2021 at 9:11 a.m. Proof of delivery as accessed through the tracking website maintained by the United States Postal Service appears below:



23. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

24. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

25. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

26. Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, the Defendant sent letters to the Plaintiff demanding payment of the debt on December 30, 2021 and February 14th, 2022.

27. Defendant's letters do not advise the Plaintiff that further collection efforts are being terminated.

28. Defendant's letters do not advise the Plaintiff that either Defendant or Ashworth College are invoking specified remedies which are ordinarily invoked by Defendant or Ashworth College.

29. Defendant's letters do not advise the Plaintiff that either Defendant or Ashworth College intends to invoke a specified remedy.

30. Defendant's letters, filed as exhibit 3, is not subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

31. The representations of the Defendant concerned and worried the Plaintiff resulting in her obtaining legal counsel to determine her best course of action.

## INJURIES-IN-FACT

32. Defendants acts and omissions caused particularized harm to the Plaintiff in that (A) the continuing communication despite Plaintiff invoking her right to be free of such; (B) the false and misleading representations by the Defendant caused the Plaintiff to waste time and worry about the settlement of what we now know was an unenforceable debt.

33. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

34. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant regarding the debt in collection;

d.) The Plaintiff suffered a violation of her right to privacy.

e.) Anxiety and worry caused by concern that Defendant was going to continue making payment demands of the Plaintiff that she considers impossible;

f.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim, that Defendant was engaging in false credit reporting; and that Defendant was going to continue communicating with the Plaintiff regarding the debt  The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

35. The communications from the Defendant of December 30, 2021 and February 14th, 2022violated 15 U.S.C. § 1692c(c).

***Violations of 15 U.SC. § 1692f and its subparts***

36. a15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

38. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

39. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

40. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

41. Defendant's reporting to the Plaintiff's credit file that including improper fees violated 15 U.S.C. § 1692e(8).

42. Defendant's representations to the Plaintiff regarding the amount owed was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

43. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

44. The Defendant's assessment and collection of a fee unsupported by an express authorization from the Plaintiff and or Georgia law was a violation of 15 U.S.C. § 1692f(1).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-390, et seq.**

45. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

46. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

47. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

48. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

49. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

50. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

51. Defendant's conduct has implications for the consuming public in general.

52. Defendant's conduct negatively impacts the consumer marketplace.

53. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

54. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

55. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

56. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

57. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of February, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*